UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NAOMI CERRE,

        Plaintiff,

        v.

BUFFALO CITY SCHOOL DISTRICT and
KRINER CASH, Superintendent,

        Defendants.

21-CV-916-LJV-HKS
DECISION & ORDER

---

On August 2, 2021, the plaintiff, Naomi Cerre, filed a complaint in New York State Supreme Court, Erie County, alleging violations of the Equal Protection Clause under 42 U.S.C. § 1983 and the New York State Human Rights Law ("NYSHRL"). Docket Item 1-2. The defendants—Buffalo City School District (the "District") and Kriner Cash, former Superintendent of the District—then removed the case to this Court. Docket Item 1.

The defendants subsequently filed a motion for judgment on the pleadings[1] or for summary judgment. Docket Item 19. Cerre responded, Docket Item 25, and the defendants replied, Docket Item 26. For the reasons that follow, the Court grants summary judgment for the defendants.

---

[1] Although the defendants refer to their motion as a "[m]otion to [d]ismiss," Docket Item 19-27 at 2, it actually is a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), which applies here because the defendants already have answered, see Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.").

## **BACKGROUND**[2]

On April 16, 2015, Cerre filed a complaint with the New York State Division of Human Rights ("DHR"), alleging that the District (1) "denied her tenure in retaliation for advocating for resources for the students in her school, who were predominantly refugees and immigrants" and (2) "subjected African[ ]American females to disparate treatment in the form of discriminatory assignments to underperforming schools." Docket Item 19-9 at 4.  On September 25, 2017, following a hearing, DHR Commissioner Helen Diane Foster issued a decision dismissing the complaint.  *See generally id.*

Meanwhile, in May 2017, the Principal of McKinley High School was placed on a leave of absence.  Docket Item 25-1 at ¶ 25.  Although Cerre was the Assistant Principal and had the most seniority in the building, the defendants did not appoint her as Acting Principal.  *Id.* at ¶¶ 27-28.  As a result, Cerre's union filed a grievance on her behalf, arguing that the District had violated the Collective Bargaining Agreement.  *Id.* at ¶ 28.

In April 2019, Arbitrator Timothy Taylor issued an opinion siding with the union, *id*. at ¶ 32, which was confirmed by New York State Supreme Court Justice Joseph Glownia, *id.* at ¶ 40.  The District filed a notice of appeal but later abandoned that appeal.  *Id.* at ¶¶ 41-42.  The District then appointed Cerre as Temporary Principal

---

[2] On a motion for summary judgment, the Court construes the facts in the light most favorable to the non-moving party. *See Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011).  The following facts are largely taken from Cerre's response to the defendants' statement of undisputed facts, *see* Docket Item 25-1, and are construed in the light most favorable to her.

effective July 6, 2020, and paid her the additional sum of $18,788.41 "[b]ased on the language contained in the Court Order and Arbitration Award." *Id.* at ¶¶ 46-47.

Cerre then brought this lawsuit seeking damages in connection with the above and for what she says was retaliation in response to her complaints of discrimination. *See* Docket Item 1-2. The complaint alleges that "[t]he District was held in [c]ontempt of a [c]ourt [o]rder for not paying [her] the full amount of [b]ack [p]ay due," *id.* at ¶ 31, but Cerre has since admitted that both sides "resolved [their] differing interpretations of the calculations for [her back pay]," Docket Item 25-1 at ¶ 48. Indeed, on April 20, 2022, Cerre testified that she had received "full payment." *Id.* at ¶ 49; *see* Docket Item 19-25 at 75. But Cerre also alleges that she "was moved to three different high schools in a period of three years: 2017-2018, 2018-2019, [and] 2019-2020," which, she says, "was clearly retaliatory." Docket Item 1-2 at ¶ 32.

## **LEGAL PRINCIPLES**

"A motion for summary judgment may be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Soto v. Gaudett*, 862 F.3d 148, 157 (2d Cir. 2017) (quoting Fed. R. Civ. P. 56(a)). "Summary judgment is appropriate when 'there can be but one reasonable conclusion as to the verdict,' i.e., 'it is quite clear what the truth is,' and no rational factfinder could find in favor of the nonmovant." *Id*. (first quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986), then quoting *Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 467 (1962)). Conversely, "[s]ummary judgment should be denied if, when the party against whom summary judgment is sought is given the benefit of all permissible inferences and all credibility assessments, a rational factfinder could resolve

3

all material factual issues in favor of that party."  *Id*.  "In deciding such a motion, the court cannot properly make credibility determinations or weigh the evidence."[3]  *Id*.

## DISCUSSION

### I.    EQUAL PROTECTION CLAIM[4]

"[T]he Equal Protection Clause bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion,

---

[3] As noted above, the defendants also move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  But because this Court grants the defendants' motion for summary judgment, it need not address their motion for judgment on the pleadings.

[4] Cerre's opposition to the defendants' motion inexplicably states that she "brought this claim under Title VII" and asserted a hostile work environment claim, Docket Item 25 at 9—neither of which appear in her complaint, *see* Docket Item 1-2.  Cerre also says that she "has provided evidence that establishes the severe and pervasive nature of the harassment which she endured between December 2017 and December 2018" and that she "raised her concerns of race-based discrimination to [the d]efendant at the same time that she complained of sexual harassment, and discussed those concerns in her EEOC [c]omplaint."  Docket Item 25 at 9.  But there is no evidence that Cerre ever filed a charge with the EEOC, and her complaint does not allege sexual harassment.  Rather, this part of her brief appears to be about a claim raised by another plaintiff in another case.

Twice in the past year, this Court has cautioned Cerre's counsel that "such shoddy work will not be tolerated . . . and that she risks sanctions if she repeats such errors."  *See Bailey v. Cheektowaga-Maryvale Union Free Sch. Dist.*, 2024 WL 3228002, at *3 n.2 (W.D.N.Y. June 27, 2024); *Caulcrick v. Refresco NA*, 2024 WL 1344766, at *1 n.1 (W.D.N.Y. Mar. 29, 2024).  Now, once again, counsel's submissions "raise a serious question about whether she reads the filings she submits to this Court."  *See Bailey*, 2024 WL 3228002, at *3 n.2.  Because counsel wrote her submission in this case before this Court's warnings, however, the Court will not sanction her now.  But the Court reiterates that going forward, "[t]he next time this Court spots a significant substantive error in her filings, it will order her to show cause why she should not be sanctioned under Federal Rule of Civil Procedure 11."  *See id.*

intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (emphasis omitted) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)); *see also City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (explaining that the Equal Protection Clause provides that "all persons similarly situated should be treated alike"). To establish an equal protection claim, a plaintiff must demonstrate "that [s]he was treated differently than others similarly situated as a result of intentional or purposeful discrimination." *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005). Federal courts evaluate "Equal Protection claims under the *McDonnell Douglas* framework." *Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 73-74 (2d Cir. 2015); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

"Under the *McDonnell Douglas* framework, a plaintiff establishes a prima facie case of intentional discrimination by showing that '(1) [s]he is a member of a protected class; (2) [s]he was qualified for the position he held; (3) [s]he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to [an] inference of discrimination.'" *Reynolds v. Barrett*, 685 F.3d 193, 202 (2d Cir. 2012) (italics omitted) (quoting *Ruiz v. Cnty. of Rockland,* 609 F.3d 486, 491-92 (2d Cir. 2010)). If the plaintiff does so, "the burden shifts to the employer to come forward with a legitimate, nondiscriminatory reason for the adverse employment action." *Id.* (citing *Ruiz*, 609 F.3d at 492. Then, "the burden then returns to the plaintiff to demonstrate that [her protected characteristic] was the real reason for the employer's adverse action." *Id.* (citing *Ruiz*, 609 F.3d at 492).

5

"The statute of limitations on an Equal Protection claim brought in New York under 42 U.S.C. § 1983 is three years." *Fahs Const. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013) (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002)). "Such a claim accrues when the plaintiff knew or should have known of the disparate treatment." *Id.* (citing *Pearl*, 296 F.3d at 80).

Here, as the defendants observe, "the [c]omplaint was not filed until August 2, 2021, more than four years after the claims arising from the alleged failure to appoint [Cerre] as a temporary principal accrued, and well after the three-year statute of limitations for a [section] 1983 claim[]." *See* Docket Item 19-27 at 15. So to the extent that Cerre's equal protection claim is based on the District's failure to appoint her as temporary principal—or any occurrences before that—such a claim is barred by the statute of limitations. Indeed, Cerre does not even attempt to rebut the defendants' statute of limitations argument in her opposition. *See* Docket Item 25.

As to the remaining claims stemming from the District's moving Cerre to different schools and failing to promptly provide her with full back pay following Justice Glownia's order, Cerre has presented absolutely no evidence whatsoever to establish the fourth element of her prima face case: that the alleged adverse actions "took place under circumstances giving rise to [an] inference of discrimination." *See Reynolds*, 685 F.3d at 202. She offers no comparators, nor does she offer any other evidence suggesting a nexus to her race or sex. Indeed, her opposition does not contain even a single citation to the record in this case. *See* Docket Item 25.

So even if Cerre is correct that the District moved her around to different schools and dragged its feet before paying her—resulting in legal fees and other costs—there is

6

simply no evidence that such actions were based on her race, religion, or any other protected characteristic. And because she has submitted nothing other than her own say-so to support her assertion that the defendants violated her right to equal protection, the defendants are entitled to summary judgment on that claim. *See Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) ("[C]onclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment.").

## II.   NYSHRL CLAIM

Cerre says that she also was subjected to retaliation in violation of the NYSHRL. *See* Docket Item 1-2 at ¶¶ 28-33. More specifically, she says that she "complained of discrimination in a prior NYSDHR complaint which went to hearing and was not decided until after she was denied the position of Temporary Principal." *Id.* at ¶ 30. Then, she says, "[t]he District was held in [c]ontempt of a [c]ourt [o]rder for not paying [her] the full amount of [b]ack [p]ay due." *Id.* at ¶ 31. And she alleges that she "was moved to three different high schools in a period of three years: 2017-2018, 2018-2019, and 2019-2020," which she claims "was against past practice given her seniority and was clearly retaliatory." *Id.* at ¶ 32.

NYSHRL "retaliation claims are reviewed under the burden-shifting approach of *McDonnell Douglas*." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013). "Under the first step of the *McDonnell Douglas* framework, the plaintiff must establish a prima facie case of retaliation by showing 1) 'participation in a protected activity'; 2) the defendant's knowledge of the protected activity; 3) 'an adverse employment action'; and 4) 'a causal connection between the protected activity and the

7

adverse employment action.'"  *Id.* (quoting *Jute v. Hamilton Sundstrand Corp.,* 420 F.3d 166, 173 (2d Cir. 2005)).

As with her equal protection claim, Cerre's retaliation claim falters on the fourth element: she provides no evidence whatsoever of a causal nexus between her protected activity—complaining about discrimination in 2015—and the alleged adverse actions she suffered starting two years later.[5]  Without any citation to the record, Cerre argues that "[r]egarding the issue of a causal connection . . . , responsibility for such matters [as] payroll, compensation, and calculation of proper salary step, fell squarely within the purview of the District."  Docket Item 25 at 10.  But that does not move the ball for her: saying simply that the District was responsible for the alleged actions does not even suggest that the District took those actions *because* Cerre complained.  Once again, Cerre presents no evidence whatsoever that would create a material issue of fact sufficient to defeat summary judgment.[6]  *See Kulak*, 88 F.3d at 71.  Thus, this Court grants summary judgment to the defendants on this claim as well.

---

[5] What is more, even if her complaints and the alleged retaliation were closer in time, the District has proffered non-discriminatory reasons for its actions, and "[t]emporal proximity alone is insufficient to defeat summary judgment at the pretext stage."  *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 847 (2d Cir. 2013).

[6] The defendants also argue that the NYSHRL claim must be dismissed because Cerre failed to file a notice of claim, as required by New York Education Law § 3813(1).  Docket Item 19-27 at 7, 12-13.  But because this Court finds that the defendants are entitled to summary judgment on the merits of Cerre's NYSHRL claim, it need not and does not decide whether Cerre's failure to file a notice of claim also is dispositive.

## **CONCLUSION**

For all those reasons, the defendants' motion for summary judgment, Docket Item 19, is GRANTED.

SO ORDERED.

Dated:   March 21, 2025
         Buffalo, New York

                                            */s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE